UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUAN JIMENEZ,

                              Plaintiff,

         -against-

THE CITY OF NEW YORK, DET. RAYMOND
ALICEA, Shield No. 0434, Individually and in their
Official Capacities, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name
John Doe being fictitious, as the true names are presently
unknown),

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 10592 (GBD)

**JURY TRIAL DEMANDED**

       Defendants City of New York and Detective Raymond Alicea, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

       1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

       3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

       4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action in this venue as stated therein.

       5.  Defendants state that the allegations set forth in paragraph "5" of the complaint are not averments requiring responses.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.  Admit the allegations set forth in paragraph "7" of the complaint.

8.  Deny the allegations set forth in paragraph "8" of the complaint, and respectfully refer this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9.  Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Alicea is employed as a detective with the New York City Police Department.

10. Defendants state that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was inside 135 Ridge Street, New York, New York on February 26, 2007.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the police asked plaintiff if he would speak to them.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff voluntarily went with the police to the 7th Precinct.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was placed in a line-up.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that a victim of a robbery was asked if he recognized anyone at the line-up.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that the victim stated that he did not recognize anyone at the line-up.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was placed under arrested for robbery related offenses.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Admit the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except deny knowledge or information concerning plaintiff's length of detention.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that the charges were dismissed.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint and all of its subparts.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint and all of its subparts.

81. Deny the allegations set forth in paragraph "81" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

82. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

83. Any injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

84. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

85. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## FOR A SIXTH AFFIRMATIVE DEFENSE

87. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

88. There was probable cause for plaintiff's arrest and prosecution.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

WHEREFORE, defendants City of New York and Detective Raymond Alicea respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 7, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City of New York and
Alicea
100 Church Street
Room 3-212
New York, New York 10007
(212) 788-0823

By: _____
    Hillary A. Frommer (HF 9286)
    Senior Counsel

TO:    Jon L. Norinsberg, Esq.
       225 Broadway, Suite 2700
       New York, New York 10007
       (212) 791-5396

Index No.  07 Civ. 10592 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN JIMENEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. RAYMOND ALICEA,
Shield No. 0434, Individually and in their Official Capacities,
and P.O.s "JOHN DOE" #1-10, Individually and in their
Official Capacities, (the name John Doe being fictitious, as the
true names are presently unknown),

Defendants.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Alicea*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Hillary A. Frommer*
*Tel:  (212) 788-0823*
*NYCLIS No. 2007-038944*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................, 200......*

*................................................................ Esq.*

*Attorney for ...........................................................*